UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIUS SPRUCE and MIA SPRUCE,

   Plaintiffs,       No. 13-10711

v.             District Judge Stephen J. Murphy, III
              Magistrate Judge R. Steven Whalen

CHASE BANK and CCO MORTGAGE,

   Defendants.
_____/

## REPORT AND RECOMMENDATION

  On February 19, 2013, Plaintiffs Darius Spruce and Mia Spruce filed a *pro se* civil complaint regarding the foreclosure on and Sheriff's sale of their real property. Before the Court is a Motion for Judgment on the Pleadings filed by Defendant JPMorgan Chase Bank, N.A. ("Chase")[1] [Doc. #7], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED and that Chase be DISMISSED WITH PREJUDICE.

### I. FACTS

  In 2003, Plaintiffs granted Washington Mutual Bank, FA ("WaMu") a $102,900.00 purchase money mortgage on their residence in the City of Detroit. Following WaMu's failure, the Federal Deposit Insurance Corporation, as receiver,

---

[1] Defendant states that it is "improperly sued" as Chase Bank, and that its proper name is JPMorgan Chase Bank, N.A. So noted. However, Plaintiffs are proceeding *pro se*, and given that the signs outside of Defendant's branch offices say "Chase Bank," their confusion in captioning this case is understandable. In any event, we all know who the Plaintiffs are talking about.

assigned the mortgage to Chase in 2012.  According to the complaint, Charter One Bank acquired a second lien on the property, in the amount of $7,600.32. This mortgage loan was service by Defendant CCO Mortgage ("CCO").

Plaintiffs defaulted on the loan, and they were notified that a Sheriff's Sale was scheduled "for sometime in July, 2012." *Complaint*, p.2.  Plaintiff's state that they retained the services of Short Sale Realty, for the purpose of finding a buyer and negotiating a short sale of the property.  Attached to the complaint as Exhibit 2 is correspondence from Chase, dated January 16, 2013, indicating that Chase's preliminary approval of the proposed short sale was subject to all other lienholders (i.e., Charter One/CCO) releasing their liens, and also stating that out of the proposed $16,000.00 short sale price, Chase must receive no less than $10,188.83, with the remaining portions of the short sale price allocated to closing costs. Finally, Chase stated that *"[t]he closing must occur on or before February 7, 2013,"* and that "Chase is under no obligation to approve...changes [to the sale terms] and if Chase does not approve changes, the sale may be cancelled." (Emphasis in original).

Plaintiffs asked CCO to send a letter to Chase indicating that CCO would release its lien on the property.  *Complaint*, pp. 2-3. Plaintiffs allege that Chase denied their request to extend the closing date or the redemption period in order for CCO to process their request to release the lien. *Id*., p. 3. CCO sent the letter on February 8, 2013, one day after the date specified in Chase's correspondence. In addition, CCO indicated that to release its lien, it must net at least $6,000.00. *Complaint*, Exhibit 2.  The redemption period under the terms of the Sheriff's deed expired on February 9, 2013. The short sale did not occur.

Plaintiffs claim that they were denied due process by virtue of CCO's delay in

-2-

sending the necessary documents, and Chase not extending the date for closing.

## II.     STANDARD OF REVIEW

Fed.R.Civ.P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial-a party may move for judgment on the pleadings." The Court's review under Fed.R.Civ.P. 12(c) is the same as the review under Fed.R.Civ.P. 12(b)(6). *Jelovsek v. Bredesen,* 545 F.3d 431, 434 (6th Cir.2008).

Fed.R.Civ.P. 12(b)(6), in turn, provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

The United States Supreme Court has modified the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks

omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

### III. DISCUSSION

Plaintiffs lack standing to challenge the foreclosure and sale of their property. In Michigan, the failure to redeem the property within the six-month period following a foreclosure by advertisement divests the former owner of all rights to the property. *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 4 N.W.2d 514 (1942)(because "[p]laintiffs did not avail themselves of their right of redemption in the foreclosure proceedings," all "rights in and to the property were extinguished" at the end of the foreclosure period). *Id*. at 187; M.C.L. § 600.3236[2]; *Conlin v. MERS*, 714 F.3d 355, 359

---

[2]M.C.L. § 600.3236 provides that with respect to a deed issued after foreclosure by advertisement:

(6th Cir. 2013)(citing *Piotrowski*).

In exception to the general rule, "Michigan courts allow 'an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice' in order to keep a plaintiff's suit viable, provided he makes 'a clear showing of fraud, or irregularity' by the defendant.'" *El-Seblani v. IndyMac Mortg. Services,* 2013 WL 69226, *3 (6th Cir. January 7, 2013)(citing *Schulthies v. Barron,* 16 Mich.App. 246, 167 N.W.2d 784, 785 (1969)); *Conlin* at 359. "The standards for obtaining such an extension are stringent." *Id*. In *Conlin, supra* the Sixth Circuit, citing *El-Seblani*, stated:

> "Whether the failure to make this showing [of fraud or irregularity] is best classified as standing issue or as a merits determination, one thing is clear: a plaintiff-mortgagor must meet this 'high standard' in order to have a foreclosure set aside after the lapse of the statutory redemption period."

The Plaintiffs in this case have not pled fraud, nor can a plausible claim of fraud be inferred from this *pro se* complaint. Rather, the Plaintiffs merely state that Chase could have, but chose not to extend the redemption period. While the Plaintiffs' frustration with the ultimately unsuccessful short sale process is understandable, Chase had no legal duty to extend the redemption period or modify the terms of the proposed short sale.[3]

---

Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter....

[3] Chase states that the terms of CCO's letter of February 8, 2013 did not conform to the terms of the short sale that Plaintiffs and Chase proposed. Specifically, CCO indicated that in addition to CCO netting at least $6,000.00, a realtor commission of $960.00 and closing costs of $1,662.34 would have to be paid out of the $16,000.00 sale price. This would have left Chase with less than the minimum net payment of $10,188.83 that it required. Thus, the short sale would not have gone through under the terms agreed upon even if Chase had extended the redemption period by one day.

Plaintiffs have not plausibly stated a due process claim, a claim for equitable extension of the redemption period, or any other claim cognizable in this Court. Accordingly, Chase's motion should be granted.

## IV.   CONCLUSION

I recommend that Defendant Chase's Motion for Judgment on the Pleadings [Doc. #7] be GRANTED, and that this Defendant be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within

the objections.

                                                  s/R. Steven Whalen
                                                  R. STEVEN WHALEN
                                                  UNITED STATES MAGISTRATE JUDGE

Dated: January 16, 2014

I hereby certify that a copy of the foregoing document was sent to parties of record on January 16, 2014, electronically and/or by U.S. mail.

                                                  s/Michael Williams
                                                  Case Manager for the
                                                  Honorable R. Steven Whalen