UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIUS SPRUCE and MIA SPRUCE,

        Plaintiffs,                        No. 13-10711

v.                                    District Judge Stephen J. Murphy, III
                                    Magistrate Judge R. Steven Whalen

CHASE BANK and CCO MORTGAGE,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

      On February 19, 2013, Plaintiffs Darius Spruce and Mia Spruce filed a *pro se* civil complaint regarding the foreclosure on and Sheriff's sale of their real property. They named as Defendants Chase Bank ("Chase") and CCO Mortgage, LLC, a/k/a Charter One Bank ("CCO").[1]

      Almost a year and an half have passed since the Plaintiffs filed their complaint, and Defendant CCO has not been served with a summons and complaint. I therefore recommend that the Court *sua sponte* dismiss the Plaintiff's complaint without prejudice, pursuant to Fed.R.Civ.P. 4(m).

_____

      [1] On February 3, 2014, the Court granted Chase Bank's Motion for Judgment on the Pleadings. *See* Doc. #14.

-1-

## I.   FACTS

Plaintiffs filed their complaint on February 19, 2013.  They filed a purported "proof of service" on March 21, 2013, showing only that the summons and complaint were mailed to the Defendant CCO by priority mail [Doc. #5]. It does not show that an authorized representative received or accepted service on behalf of CCO.

On July 3, 2014, I entered an order directing Plaintiffs to "show cause in writing within 14 days of the date of this Order why [CCO Mortgage] should not be dismissed without prejudice for failure to serve within the time limits set forth in Rule 4(m)." [Doc. #15].  To date, Plaintiffs have not responded to the show cause order.

## II.   DISCUSSION

Fed.R.Civ.P. 4(m) requires that service of process be made within 120 days of filing the complaint:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Under this Rule, a court may exercise its discretion to extend the time for service without any showing of good cause.  However, if the plaintiff does show good cause for failure to effect timely service, the court *must* extend the time.  *In re Lopez*, 292 B.R. 570, 574 (E.D.Mich. 2003) ("In other words, even in the absence of good cause, the court *may*

-2-

grant an extension of time for service, but if good cause is shown, the court *must* extend.").

In *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001), the Court identified five factors informing a court's exercise of discretion under Rule 4(m):

> "whether: (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process." (Citing *Wise v. Department of Defense*, 196 F.R.D. 52, 57 (S.D.Ohio 1999)).

In *Lopez, supra*, 292 BR at 574, the Court noted that "[t]he Advisory Notes to the 1993 revisions suggest that, when exercising discretion, the court should consider the prejudice that would inure to the parties from either decision, with the preclusion of the plaintiff's ability to bring suit almost always favoring the enlargement of time for service."

In the July 3, 2014 show cause order, Plaintiffs were given notice that Defendant CCO was not properly and timely served, and that CCO was subject to dismissal without prejudice.  The show cause order also provided Plaintiffs with the opportunity to demonstrate good cause for the failure to serve CCO timely.  They have not done so, and therefore the Court is not required to extend the time for service under Rule 4(m).

Moreover, although the Court has the discretion to grant an extension of time for service even without a showing of good cause, *In re Lopez, supra*, the *Slenzka* factors

weigh against doing so. As to the first factor, a significant amount of time– almost 18 months–has passed since the complaint was filed. The second factor is neutral, in that there is no obvious prejudice to CCO other than the inherent prejudice of lengthy delays. The third factor weighs against Plaintiffs, since there is no showing that CCO had actual notice of this lawsuit.

The fourth factor– prejudice to Plaintiffs if the complaint is dismissed without prejudice– also weighs against the Plaintiffs because their claim would not be time-barred if it is dismissed without prejudice. While the precise legal basis of Plaintiffs claim against CCO is unclear–it might be construed as a contract, negligence, or due process claim–it is premised on CCO's alleged failure to timely provide documents to former Defendant Chase Bank ("Chase"), in order for Chase to go forward with a short sale of Plaintiffs' property. The proposed sale was contingent on CCO releasing its lien on the property. Plaintiffs allege that CCO sent the information to Chase on February 8, 2013, one day after the cut-off date that Chase had specified.  Thus, insofar as the Plaintiffs' cause of action accrued in February of 2013, they are well within the statute of limitations to re-file their complaint, whatever the cause of action.

Finally, as to the fifth factor, it is true that Plaintiffs made some attempt to serve CCO by merely mailing the summons and complaint. That is clearly ineffective service, and while *pro se* plaintiffs are accorded some leeway, they, no less than attorneys, are expected to comply with procedural rules. I also note that Plaintiffs did not respond to my

-4-

show cause order, and have provided no reason why their failure to properly and timely serve CCO should be excused.

On balance then, the *Slenzka* factors weigh against this Court exercising its discretion to extend the time for service. The proper course of action is dismissal of the complaint without prejudice.

### III.   CONCLUSION

I therefore recommend that the Court *sua sponte* dismiss the Plaintiffs' complaint without prejudice, pursuant to Fed.R.Civ.P. 4(m).

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed

objections, the opposing party may file a response.  The response shall be not more than

twenty (20) pages in length unless by motion and order such page limit is extended by the

court.  The response shall address specifically, and in the same order raised, each issue

contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 31, 2014


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record
on July 31, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen
